UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO BIRCHER, Trustee of the Bircher Living Trust<br><br>Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendant. | No. CV 19-04864 PA (SKx)<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

Following the filing of the parties' Opening and Responsive Trial Briefs, the submission of their respective Proposed Findings of Fact and Conclusions of Law, and their objections, the Court conducted a telephonic bench trial on April 9, 2020.

Having considered the materials submitted by the parties, including the Administrative Record, and after reviewing the evidence, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a). Any finding of fact that constitutes a conclusion of law is hereby adopted as a conclusion of law, and any conclusion of law that constitutes a finding of fact is hereby adopted as a finding of fact.

# I. **Findings of Fact**

1. This is an action brought by Ricardo Bircher, Trustee of the Bircher Living Trust (the "Trust") against Metropolitan Life Insurance Company ("MetLife") for recovery of life insurance benefits under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq. The Court has jurisdiction over this matter pursuant to 29 U.S.C. §§ 1132(a), (e), (f), and (g), as well as 28 U.S.C. § 1331.

2. Ricardo Bircher's mother, Lupe Bircher ("Decedent") was a participant in an ERISA-governed employee welfare benefit plan (the "Plan") sponsored by her employer, AT&T. AT&T is not named as a defendant in this action. (PLAN_000001 - 000190.)

3. MetLife issued the group certificate of life insurance that funds the benefits of the Plan. (AR_000048 - 49.)

4. The Plan provided both basic life insurance and supplemental life insurance ("Supplemental Life Insurance") for eligible employees.

5. The Plan specified the eligibility requirements for Supplemental Life Insurance coverage for eligible employees, stating in relevant part in the Summary Plan Description as follows:

> Your Eligibility for Supplemental Life Insurance coverage ends on the last day of the month during which you reach age 65 or retire, whichever is later. (PLAN_000010.)
>
> If you retire on or after the last day of the month in which You reach age 65, You are not eligible for Supplemental Life Insurance upon retirement. (PLAN_000068.)
>
> **Supplemental Life:** Coverage ends on the last day of the month upon Termination of Employment, except for Eligible Former Employees of AT&T West who, with Termination of Employment before the dates listed below may continue supplemental life insurance beyond age 65.
>
> AT&T West Core Contract - July 1, 2001

| | |
|---|---|
| 1 | Pacific Bell - IBEW Local 1269 - Jan. 1, 2001 |
| 2 | Pacific Bell - TIU - Jan. 1, 2002 |
| 3 | Pacific Bell Directory - IBEW Local 1269 - Jan. 1, |
| 4 | 2004 |
| 5 | Pacific Bell Directory - IBEW Local 2139 - Jan. 1, |
| 6 | 2004 |

(PLAN_000121.)

6. Decedent began working for AT&T Corporation on February 5, 1964. (AR_000012.)

7. Decedent retired from her employment with AT&T Corporation on June 11, 1988, at the age of 65. (AR_000012.)

8. Prior to her retirement, Decedent submitted an enrollment form ("Insurance Payment Continuation Form"), in which Decedent selected her desire to enroll in Supplemental Life Insurance coverage in the amount of $24,000 with a monthly premium payment of $22.80. (AR_000032; AR_000046, AR_000242-43.)

9. Decedent passed away on December 18, 2016 at age 93. (AR_000007.)

10. On March 14, 2017, Diane Bircher, daughter of Decedent and then trustee of the Trust, requested the appropriate claim form and other requirements for MetLife to pay out on Decedent's Supplemental Life Insurance policy. (AR_000007.)

11. On May 1, 2017, MetLife paid to the Trust $12,000 in basic life insurance benefits plus $4.50 in interest. (AR_000198.) MetLife did not pay any Supplemental Life Insurance benefits.

12. On May 31, 2017, Diane Bircher disputed MetLife's decision, claiming Decedent had Supplemental Life Insurance benefits that MetLife was required to pay. (AR_000029-35.) In her letter, Diane Bircher included Decedent's Insurance Payment Continuation Form, which indicated Decedent elected Supplemental Life Insurance effective July 1, 1988 (AR_000031.)

13. On July 14, 2017, MetLife denied Diane Bircher's claim for Supplemental Life Insurance. MetLife stated:

> In reference to your inquiry on Supplemental Life Insurance coverage, Supplemental Life Insurance coverage cancels at age 65 if retired or on the last day of the month in which they retire if the employee is already age 65. The decedent reached age 65 in 1987 and her retirement date was June 11, 1988. So the supplemental life benefit would have terminated on June 30, 1988.

(AR_000049.)

14. On August 23, 2017, Diane Bircher submitted an appeal request. (AR_000059.) In her appeal request, Diane Bircher stated that per the Plan, "supplemental life coverage may continue beyond age 65, for eligible former employees of AT&T West Core Contract, with termination before July 1, 2001." (Id.)

15. On September 6, 2017, Met Life acknowledge receipt of the appeal request, and notified Diane Bircher that "[d]ue to special circumstances, it [was] necessary for [MetLife] to further evaluate this claim; therefore, completion [was] delayed for a short period of time." (AR_000061.) Again on October 11, 2017 MetLife informed Diane Bircher that they were continuing to review her appeal. (AR_000080.)

16. While MetLife was reviewing Diane Bircher's appeal, she passed away. (AR_000094.) At this time, Troy York, successor trustee, and Ricardo Bircher, beneficiary, took over pursuing the claim.

17. On November 17, 2017, MetLife wrote a letter to Troy York and Ricardo Bircher stating Decedent did not qualify for Supplemental Life Insurance coverage. MetLife stated:

> Supplemental Life: Coverage ends on the last day of the month upon Termination of Employment, except for Eligible Former Employees of AT&T West who, with termination of Employment before the dates below, may continue Supplemental Life beyond age 65. AT&T West Core Contract - July 1, 2001. According to our records, the decedent's Certificate of Death lists the date of birth as . . . 1922. Ms. Bircher reached age 65 in 1987 and retired on June 11, 1988 at the age

|   |   |
|---|---|
| 1 | of 65.  The Supplemental Life Insurance coverage cancels at age 65 if |
| 2 | retired or on the last day of the month in which they retire if the |
| 3 | employee is already age 65.  The Supplemental Life Insurance |
| 4 | terminated on June 30, 1988, which was the last day of the month in |
| 5 | which she retired. |

(AR_000096.)

18. On January 8, 2018, Troy York and Ricardo Bircher filed another appeal of MetLife's denial of their Supplemental Life Insurance claim.  (AR_000101.)  In their letter, Troy York and Ricardo Bircher stated:

> Your letter dated Nov. 17, 2019 stated that Lupe Bircher an eligible former bargained employee was not an employee of AT&T West, which is correct, she was an employee of AT&T Inc.  For your information: AT&T West is one of five core contracts which covers landline employees in California and Nevada.  It is a bargaining unit, See: Summary Plan Description Page 63 (AT&T West Core Contract - CWA District 9.)  Plan states on page 31 of the summary plan description: For employees in bargaining unit of AT&T West Core Contract with termination of employment before July 1, 2001, and your employment ends on or after age 65, supplemental life coverage may continue beyond age 65 which applies to Lupe Bircher.

(AR_000126.)

19. In response, MetLife discussed the issue with the account management team for AT&T, which confirmed that only one employee population, Pacific Telesis Group ("PTG") was permitted to continue Supplemental Life Insurance coverage for retirees after the age of 65. (AR_0000107-108.)

20. MetLife also found that Decedent did not pay premiums on any Supplemental Life Insurance after she retired.  (AR_0000113.)

21.     On January 30, 2018, MetLife responded to Ricardo Bircher and Troy York's second appeal request.  (AR_000107-108.)  MetLife stated:

> In your letter of appeal dated January 8, 2018, you asked us to reconsider our decision to deny your claim.  You assert that the decedent was a member of the AT&T West employee population.  Persons in that population were permitted to continue their Supplemental Life Insurance beyond age 65.  You cite the terms of the AT&T West Core Contract and the Summary Plan Description for that employee population.  As described above and in the initial denial letter, Lupe Bircher was not a member of the AT&T West employee population; she was a part of AT&T Inc.  Members of the AT&T Inc. employee population were not permitted to continue their supplemental life insurance benefits after age 65, if retired.  We discussed the question of Supplemental Life Insurance with the account management team for AT&T.  They have confirmed for us that only one employee population, Pacific Telesis Group (PTG), permitted the continuation of Supplemental Life Insurance coverage for retirees beyond the age of 65.  The decedent was neither a PTG retiree nor a retiree of AT&T West.

(Id.)

22.     On April 20, 2018, Ricardo Bircher and Troy York submitted another appeal to MetLife.  (AR_000159.).  In their appeal request, Ricardo Bircher and Troy York stated:

> As stated in our appeal letter dated January 8, 2018, AT&T West is one of five core contracts which covers landline employees in California and Nevada.  It is an employee bargaining unit. . . .  Plan states on page 31 of the Summary Plan Description; for employees in bargaining unit of AT&T West Core Contract with termination of employment before July 1, 2001, and your employment ends on or

-6-

|  |  |
|---|---|
| 1 | after age 65, supplemental life coverage may continue beyond age 65 |
| 2 | which applies to Lupe Bircher.  We are providing proof that Lupe |
| 3 | Bircher was a member of bargaining unit AT&T West Core Contract |
| 4 | in CWA District Nine's jurisdiction of California & Nevada. |

(Id.)

23. On May 1, 2018, MetLife responded stating "[w]e are in receipt of your additional appeal statement dated April 20, 2018.  This is to advise you that we are in the process of reviewing the additional information that you provided in order to reach a decision." (AR_000164.)

24. As part of its investigation, MetLife reached out to AT&T's administrator.  AT&T's administrator advised MetLife that the legacy company Decedent was part of was AT&T Corporation and not AT&T West.  (AR_0000170-171, 176.)  AT&T's administrator further explained that while Decedent had a union classification of AT&T West Core, the AT&T West Core contracts were under different legacy companies, and that only employees of the AT&T West legacy company could continue supplemental coverage after age 65.  (Id.)

25. On May 25, 2018, Anne Suprinski,  Senior Client Services Consultant for MetLife National Accounts, stated:

> Attached is the response I received from Alight.  They have confirmed that Ms. Bircher was a retiree of AT&T Corp. with a union classification of AT&T CWA.  I think the main thing to take away here is that the legacy company is AT&T Corp. and not AT&T West.  As noted below, the ability to continue Supp Life past age 65 was for retirees of AT&T West and not AT&T Corp.

(AR_000170.)

26. On May 29, 2018, MetLife explained to Ricardo Bircher and Troy York that it was upholding its initial determination and that no further appeals would be considered.  (AR_000205.)

27. On May 29, 2019, in order for Ricardo Bircher to oversee the filing of this action, Troy York appointed Ricardo Bircher as the trustee of the Trust.  (Dkt. No. 32, Bircher Decl. Ex. 1.)

II. **Conclusions of Law**

1. Ricardo Bircher has standing to bring this lawsuit. See Power v. Ashton, 45 Cal. App. 3d 783, 787 (1975).

2. The Plan at issue in this lawsuit is an employee welfare benefit plan governed by ERISA, which provides the exclusive remedy for Ricardo Bircher's claims. See 29 U.S.C. § 1132(a)(1)(B).

3. The standard of review is *de novo*. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006). When the standard of review is *de novo*, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits, without reference to whether the administrator operated under a conflict of interest." Id. On *de novo* review, the court is to "evaluate the persuasiveness of conflicting testimony and decide which is more likely true." Kearney v. Standard Ins. Co., 175 F.3d 1084, 1095 (9th Cir.1999) (en banc). Further, the Court should make that determination based on the evidence in the Administrative Record. *Id.* at 1090-91.

4. In a *de novo* review, "the burden of proof is placed on the claimant" to establish entitlement to plan benefits. Muniz v. Amec Const. Mgmt., Inc., 623 F.3d 1290, 1294 (9th Cir. 2010).

5. ERISA requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument." 29 U.S.C.A. § 1102. ERISA fiduciaries must act "in accordance with the documents and instruments governing the plan," (US Airways, Inc. v. McCutchen, 569 U.S. 88, 101, 133 S. Ct. 1537, 1548 (2013)), and must enforce the terms of the Plan as written (Heimeshoff v. Hartford Life & Accident Ins. Co., 134 S. Ct. 604, 611-12 (2013)).

6. "[O]nce a plan is established, the administrator's duty is to see that the plan is 'maintained pursuant to [that] written instrument." 29 U.S.C. §1102(a)(1).

7. Pursuant to the terms of the Plan, eligibility for Supplemental Life Insurance for most AT&T employees ends on the last day of the month during which the employee reaches age 65 or retires, whichever is later. (PLAN_000010.)

8. The Plan permits a limited class of retired employees to continue Supplemental Life Insurance coverage after retirement and age 65. Pursuant to the Plan, only employees of AT&T West were eligible to continue coverage after the last day of the month during which they retired or reached age 65. (See, e.g., AR_000123.)

9. Decedent was an employee of AT&T Corporation.

10. Decedent was not an employee of AT&T West. (AR_000084, 000165-66, 000171, 000176, 000245.)

11. Upon her retirement, Decedent was a member of the Communications Workers of American in the bargaining unit for the AT&T West Core Contract in CWA District Nine's jurisdiction of California & Nevada." (AR_000130.)

12. Decedent's union membership does not determine whether Decedent was eligible to enroll in Supplemental Life Insurance benefits after age 65 or after her retirement. Decedent's union membership would only matter if Decedent was an employee of AT&T West, which she was not.

13. Decedent's submission of an Insurance Payment Continuation Form only demonstrates that Decedent wanted to select Supplemental Life Insurance coverage after her retirement. It does not demonstrate that Decedent was eligible for coverage, or that she was ever enrolled in Supplemental Life Insurance after her retirement. (AR_000046, 242, 243).

14. There is no evidence in the record to show that Decedent ever paid premiums for Supplemental Life Insurance coverage after she retired.

15. Applying the terms of the Plan, Decedent's eligibility for Supplemental Life Insurance ended on June 30, 1988.

16. MetLife correctly determined that only basic life insurance benefits under the Plan were payable after Decedent's death, and MetLife paid those benefits in full.

17. Because MetLife paid the entire basic life insurance benefits due under the terms of the Plan, the Trust is not entitled to any additional life insurance benefits as a result of Decedent's death.

18. No further benefits are due and Ricardo Bircher's claim fails as a matter of law.

### III. Analysis

Ricardo Bircher argues that pursuant to the Administrative Record, the Trust is entitled to Supplemental Life Insurance benefits Decedent had when she retired. In addition, Ricardo Bircher argues MetLife failed to conduct a full and fair review of his claim, and did not timely respond to his appeals. MetLife argues Ricardo Bircher does not have standing to bring this claim, and that, assuming Ricardo Bircher does have standing, Decedent did not have Supplemental Life Insurance at the time of her death.

The Court concludes: (1) Ricardo Bircher does have standing to bring this claim, (2) whether MetLife conducted a full and fair review of Ricardo Bircher's claim is irrelevant to the Court's *de novo* review, and (3) Ricardo Bircher has not satisfied his burden of showing that the Trust is entitled to benefits in excess of those MetLife has already paid. Specifically, the Court finds that Decedent did not have Supplemental Life Insurance at the time of her death, and that MetLife has paid the entire basic life insurance benefits due under the Plan.

### A. Ricardo Bircher's Standing

MetLife argues that Ricardo Bircher does not have standing to bring this lawsuit because he is not the trustee of the Trust and is simply a beneficiary of the Trust. Under California law, where a claim is prosecuted on behalf of a trust, "the trustee is the real party in interest because he is the one in whom title to cause is vested." Power v. Ashton, 45 Cal. App. 3d 783, 787 (1975). A trust beneficiary cannot sue in the name of the trust. See Estate of Bowls, 169 Cal. App. 4th 684, 691 (2008).

Here, Diane Bircher was the trustee of the Trust until her death in October of 2017. Upon Diane Bircher's death, Troy York became the successor trustee of the Trust. On May 29, 2019, Troy York appointed Ricardo Bircher trustee of the Trust. (Dkt. No. 32, Bircher Decl., Ex. 1.)[1]

---

[1] MetLife argues the Court cannot consider Ricardo Bircher's declaration and the attached Exhibit showing he is the trustee of the Trust because "a court may not consider additional evidence outside the Administrative Record that was not presented to the claim administrator at the time it made its decision." (See Dkt. No. 40, Defendant Metropolitan Life Insurance Company's Objections to Evidence Submitted by Plaintiff in Support of Responsive Trial Brief). However, it is well established that "consideration of new evidence is permitted . . . in conjunction with *de novo* review of denial of benefits." Abatie, 458 F.3d at 969 ("Today, we continue to recognize that, in general, a district court may review only the administrative record when considering whether the

Ricardo Bircher then filed this lawsuit on June 4, 2019. Because Ricardo Bircher was trustee of the Trust at the time this lawsuit was filed, and remains the trustee of the Trust, he has standing to bring this lawsuit.

### B. MetLife's Review of Ricardo Bircher's Claim

Ricardo Bircher argues MetLife did not conduct a full and fair review of his claim, and that MetLife did not respond to his appeal within the required time. Under ERISA, "plan administrators must follow certain practices when processing and deciding plan participants' claims." Abatie, 458 F.3d at 971. For example, "administrators must adhere to various procedures for giving notice, reporting, and claims processing." Id. (citing 29 U.S.C. § 1021(a) (disclosure to all plan participants); id. § 1021(b) (reporting requirements); id., § 1133 (claims procedures).

In some situations procedural irregularities may be so substantial as to alter the standard of review from abuse of discretion to a *de novo* review. Id. Here, the Court is already conducting a *de novo* review. Therefore, any alleged procedural irregularities are irrelevant. See Muniz v. Amec. Constr. Mgmt., Inc., 623 F.3d 1290, 1295-1296 (9th Cir. 2010) (When a court is conducting a *de novo* review, the court "does not give deference to the claim administrator's decision, but rather determines in the first instance if the claimant has adequately established that he or she is [entitled to benefits] under the terms of the plan."); Harber v. Reliance Standard Life Insurance Co., 14-cv-0566, 2016 WL 4154917, at *8 (C.D. Cal. Aug. 4, 2016) ("Harber also cites to procedural irregularities in the appeal. . . . These irregularities, however, are not relevant on *de novo* review. . . . These would be more relevant if the Court were conducting an abuse of discretion analysis. However, as the Court is conducting a *de novo* review, the focus is on the adequacy of Plaintiff's evidence to support his disability."). Therefore, the Court rejects Ricardo Bircher's procedural irregularities arguments.

---

plan administrator abused its discretion, but may admit additional evidence on *de novo* review."). See also, Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan, 349 F.3d 1098, 1110 (9th Cir. 2003) ("While under an abuse of discretion standard our review is limited to the record before the plan administrator, this limitation does not apply to *de novo* review."). Because the Court is conducting a *de novo* review, it can consider Ricardo Bircher's declaration and exhibit outside of the Administrative Record.

**C.     Whether the Trust is Entitled to Supplemental Life Insurance Benefits**

Finally, Ricardo Bircher argues that Decedent had Supplemental Life Insurance benefits at the time of her death, and that therefore the Trust is entitled to these benefits. Ricardo Bircher argues that, while the general rule under the Plan is that eligibility for Supplemental Life Insurance coverage ends on the last day of the month during which you reach age 65 or retire, whichever comes later, Decedent was part of a small group of employees that was eligible to continue Supplemental Life Insurance benefits after they retired or reached age 65.

Based on the Court's *de novo* review of the Administrative Record, Decedent was not eligible to continue Supplemental Life Insurance coverage after she retired or reached age 65. Pursuant to the Plan, only eligible former employees of AT&T West could continue Supplemental Life Insurance beyond age 65. Eligible former employees of AT&T West included employees of AT&T West who were part of one of five listed bargaining groups, and retired before a certain date. Ricardo Bircher argues that, because Decedent was part of the AT&T West Core Contract bargaining group, which is one of the bargaining groups listed, she was eligible to continue Supplemental Life Insurance coverage after retirement. However, Ricardo Bircher's reasoning misses the first step in the analysis - whether Decedent was an employee of AT&T West. According to the Plan, only employees who were <u>both</u> (1) an employee of AT&T West, <u>and</u> (2) part of one of the five listed bargaining groups, were eligible to continue Supplemental Life Insurance benefits. According to the Administrative Record, Decedent was not an employee of AT&T West, she was an employee of AT&T Corporation. Thus, whether Decedent was a member of the AT&T West Core Contract bargaining group is irrelevant, because Decedent was not an employee of AT&T West.

Because Decedent was not an employee of AT&T West, her Supplemental Life Insurance coverage ended on the last day of the month in which she retired, or in which she turned 65 - whichever came first. Decedent was born in 1922. Decedent retired from AT&T Corporation on June 11, 1988, at the age of 65. Thus, Decedent's eligibility for Supplemental Life Insurance coverage ended on June 30, 1988. In addition, the Court finds there is no evidence in the

Administrative Record or elsewhere suggesting Decedent ever paid premiums for Supplemental Life Insurance after she retired.

**Conclusion**

For all of the foregoing reasons, the Court concludes that Ricardo Bircher has not sustained his burden of establishing that the Trust is entitled Supplemental Life Insurance benefits. Accordingly, the Trust is not entitled to benefits in excess of those already paid by MetLife. The Court will enter a judgment consistent with this Order.

DATED: May 16, 2020

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE